UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. SIMON,

        Plaintiff,                            Case Number No. 14-12007
                                                    Honorable David M. Lawson
v.                                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Joseph Simon, presently 35 years old, suffers from multiple sclerosis. He filed the present action on May 20, 2014 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case to the Commission for an award of benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on April 30, 2015 recommending that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted. The plaintiff filed timely objections to the recommendation and the defendant filed a response. This matter is now before the Court for fresh review.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto, and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff filed his application for disability insurance benefits on October 31, 2011 when he was 31 years old. The plaintiff completed high school, some college, and has prior work experience as a print manager, a copy machine servicer, a bus/dining room attendant, and a roofer's helper. The plaintiff last worked on November 17, 2010 when he alleges he became disabled as a result of his multiple sclerosis. He was placed on short-term disability and later was awarded long-term disability benefits. The plaintiff has been diagnosed with multiple sclerosis and mood disorder.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On January 30, 2013, the plaintiff appeared before administrative law judge (ALJ) Patricia S. McKay when he was 32 years old. ALJ McKay filed a decision on April 11, 2013 in which she found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015 and has not engaged in substantial gainful activity since November 17, 2010 (step one); the plaintiff suffered from multiple sclerosis, which is "severe" within the meaning of the Social Security Act, and mood disorder which is not severe (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a print manager, a copy machine servicer, a bus/dining room attendant, or as a roofer's helper, since this work exceeded his current exertional limitations and his functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work. However, the ALJ found the plaintiff had the following limitations: the plaintiff must perform work primarily at a workstation which does not require walking for more than 20 minutes at a time; he must work in a low-stress work environment where he is able to control the pace of the work; he must avoid workplace hazards, including moving machinery, unprotected heights, and climbing ladders; and he is able to perform some activities occasionally, including lifting up to 20 pounds, crouching, crawling, kneeling, stooping, bending, and climbing ramps and stairs. A vocational expert testified that several jobs fit within these limitations, including assembler, packager, and inspector, and the ALJ found that these jobs existed in significant numbers in the national economy. Based on these findings and using Medical Vocational Rule 202.21 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on May 17, 2014.

In his motion for summary judgment, the plaintiff argued that because of his symptoms, he meets the listing for multiple sclerosis found in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 11.09. He also argued that his limitations medically equaled Listing 11.09(C), and the ALJ's decision to the contrary was not supported by any medical opinion. Finally, the plaintiff argued that the ALJ's failure to accept fully the plaintiff's description of his limitations was not supported by substantial evidence.

The magistrate judge found that the ALJ's credibility determination was supported by the record and fell within the "zone of choice," which required affirmance under 42 U.S.C. § 405(g). *See Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (holding that the substantial

evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts" (quotation marks and citations omitted)). The magistrate judge discussed the medical evidence in the record and the factual statements that tended to undercut the plaintiff's description of the severity of his symptoms. Judge Whalen concluded that the evidence did not support a finding that the plaintiff's disability met or equaled Listing 11.09(C). He also concluded that the ALJ's finding was supported by the opinions and conclusions of Dr. Sonia Ramirez-Jacob, an internist and non-treating source. That she was not a neurologist did not disqualify her as a proper medical source to support that finding. Finally, Judge Whalen concluded that substantial evidence supported the ALJ's residual functional capacity (RFC) determination, and the ensuing non-disability finding.

The plaintiff's objections mimic his summary judgment arguments. *First*, he contends that the ALJ failed to give sufficient weight to the severity of the plaintiff's condition. The plaintiff argues that symptoms of multiple sclerosis typically wax and wane and although he is able to do some activities of daily living, such as household chores and reading, they are done at a slow pace and for relatively short periods of time. The plaintiff states that he becomes very exhausted after engaging in any activity for 20 to 30 minutes and that his legs get tired and his hands start to feel tingly and sore. His symptoms increase with walking one-half block at which point he begins to shuffle and misstep. Although the plaintiff declined to take Copaxone or Avonex, medications prescribed for multiple sclerosis, he believes that this should not bear on the evaluation of the severity of his illness because he experienced severe side effects while taking the medications and those side effects provided sufficient reason for him to stop. The plaintiff argues the combination of these symptoms render his disease disabling.

However, as the magistrate judge thoroughly discussed, the clinical testing disclosed in the record indicated that although the plaintiff plainly suffered from multiple sclerosis, he experienced only moderate muscle weakness, which did not preclude a range of light work. It is well settled that the concept of disability relates to functional limitations. Although these functional limitations must, of course, be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (referring to assessment of residual functional capacity). Although the plaintiff's description of his limitations seemed to preclude a finding that he was capable of light work on a sustained basis, the clinical evidence discussed by the ALJ suggested otherwise. Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

*Second*, the plaintiff asserts the magistrate judge did not adequately consider the evidence in affirming the ALJ's conclusion that the treating records do not support his claims of disabling symptomatology. The plaintiff argues that Dr. Beall's report showed moderate bilateral weakness in his shoulders, arms, and feet; mild bilateral weakness in his hip flexor and knee; moderate weakness in his left ankle dorsiflexor; and mild weakness in his right ankle dorsiflexor. The report also states, the plaintiff says, that his muscle strength exam demonstrated fatigable weakness in his ankle dorsiflexors, which causes partial paralysis and makes the plaintiff unable to walk. To remedy this, Dr. Beall advised the plaintiff to rest for a half hour. The plaintiff contends these observations

support his testimony that he is able to perform limited activity but needs to rest for 30 minutes after performing such activity.

As the magistrate judge noted, however, Dr. Beall's 2011 and 2012 neurological records, referenced by the ALJ, did not support the allegations that the plaintiff's symptoms were disabling.

*Third,* the plaintiff argues the magistrate judge incorrectly supported the ALJ's determination that his medical condition did not meet or equal a listed impairment. The plaintiff contends the magistrate judge erred in reporting that, at most, the plaintiff experiences moderate muscle weakness because the plaintiff's predominant limitation is his inability to perform repetitive activity on a continual basis.

That argument mischaracterizes the magistrate judge's report. When mentioning "moderate muscle weakness," Judge Whalen referenced the clinical testing in the record. *See* Tr. 179-81, 185, 194. He also discussed the other evidence in the record relied upon by the ALJ. *See* R&R at 14. The magistrate judge was correct in his analysis that the evidence was substantial and supported the ALJ's determination.

*Fourth*, the plaintiff contends that the ALJ did not apply the correct legal standard in determining that he had the residual functional capacity to perform light work. The plaintiff argues that his ability to engage in activity at his own pace is not equivalent to an ability to perform light work. Even with his current routine, the plaintiff alleges he can only work four days each week. Additionally, the plaintiff asserts that his need for continual breaks and rest prevent him from being able to perform any jobs for which he is qualified. Thus, the plaintiff contends he does not have the residual functional capacity to perform even light work.

Once again, however, the crux of the plaintiff's argument is an attack on the ALJ's credibility determination. "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

*Fifth,* the plaintiff contends that his attempts to maintain a normal life, by engaging in household chores, daily activities, and yoga exercises, should not undermine his credibility or be equated to an ability to perform light work activity. The plaintiff argues that engaging in certain activities does not demonstrate an ability to satisfactorily perform in a competitive work setting on a full time basis. The plaintiff states he is unable to work because he suffers from fatigue and light sensitivity, he would need to take continual breaks if employed, he cannot handle the stress of a full time job, he would not be able to drive to and from job locations, and he is unable to walk long distances.

The ALJ relied on more than the plaintiff's description of his daily activity in making her non-disability determination. She considered the reports of the treating sources, the agency physicians, the medical test results, and the record as a whole. All of that together amounts to substantial evidence in support of the determination that the plaintiff is not disabled. As the magistrate judge correctly observed, the plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner

employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds that they lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #16] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment and remand [dkt. #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #14] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: August 25, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2015.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI